**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VINCENZO CASIAN TUDORANI,

Plaintiff

v.

AMERICAN AIRLINES, INC.; TWU/IAM AIRLINE MECHANIC & RELATED EMPLOYEES ASSOCIATION,

Defendants

Case No.: 2:25-cv-2289-APG-DJA

**Order Granting Defendants' Motions to Dismiss**

[ECF Nos. 23, 25]

Vincenzo Tudorani worked for American Airlines, Inc. as an Aviation Maintenance Technician. He was a member of the TWU/IAM Airline Mechanic & Related Employees Association (Union). His employment was governed by a collective bargaining agreement (CBA) under the Railway Labor Act (RLA). Tudorani was fired for allegedly misappropriating customer property. He disagreed with that decision and had the Union grieve his termination. After Step 3 of the grievance procedure, the Union declined to proceed to arbitration because it did not believe it could prevail.

Tudorani sues the Union[1] for breach of its duty of fair representation. ECF No. 17. He also sues American Airlines "for its participation and reliance upon the Union's breach." *Id*. at 3. The Union and American Airlines separately move to dismiss Tudorani's claims. ECF Nos. 23, 25. Because Tudorani has failed to plead plausible claims, I grant the motions to dismiss.

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v.*

[1] Tudorani initially sued the International Association of Machinists (IAM). ECF No. 1. He then filed a First Amended Complaint removing IAM and adding the Union in its place. ECF No. 17.

*SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017) (quotation omitted). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. The FAC does not plausibly allege the Union breached its duty of fair representation.**

Analyzing whether a union has breached the duty of fair representation involves a two-step process. First, I "must decide whether the alleged union misconduct involved the union's judgment, or whether it was 'procedural or ministerial.'" *Burkevich v. Air Line Pilots Ass'n, Int'l*, 894 F.2d 346, 349 (9th Cir. 1990) (simplified). "Second, if the conduct was procedural or ministerial, then the plaintiff may prevail if the union's conduct was arbitrary, discriminatory, or in bad faith. However, if the conduct involved the union's judgment, then the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith." *Id*. (simplified).

"A union's decision not to arbitrate a grievance that it considers to be meritless is an exercise of its judgment." *Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 671 (9th Cir. 1998). Tudorani alleges that the Union declined to pursue arbitration because it "believed it 'could not sustain its position' . . . ." ECF No. 17 at 2. He thus concedes that the Union's decision was judgmental rather than ministerial or procedural. Tudorani therefore must allege that the Union acted discriminatorily or in bad faith. *Burkevich*, 894 F.2d at 349. But he alleges only that the "Union breached its duty of fair representation by acting arbitrarily and without a rational basis." ECF No. 17 at 3. This is insufficient.

But even if the Union's decision not to pursue arbitration was ministerial or procedural, Tudorani's First Amended Complaint (FAC) still fails to allege sufficient facts to maintain a claim. "To comply with its duty [of fair representation], a union must conduct some minimal investigation of grievances brought to its attention. The thoroughness with which unions must investigate grievances in order to satisfy their duty varies with the circumstances of each case." *Tenorio v. N.L.R.B.*, 680 F.2d 598, 601 (9th Cir. 1982) (citations omitted). Tudorani offers only unsupported allegations about the Union's alleged failure "to interview witnesses identified by" him and "to evaluate exculpatory information offered by" him. ECF No. 17 at 2. The FAC does not identify which witnesses and evidence should have been considered. And it does not explain how a more thorough investigation would have changed the Union's decision or made it not arbitrary. *See Johnson v. U.S. Postal Serv*., 756 F.2d 1461, 1466 (9th Cir. 1985) (minimal investigation satisfied the union's duty of fair representation where "further investigation 'would not have resulted in the development of further evidentiary matters that would have caused [the union and its counsel] to make a determination other than the one which was made'"). Because the FAC's conclusory allegations "have not nudged [the] claims across the line from conceivable to plausible, [they] must be dismissed." *Twombly*, 550 U.S. at 570. But because Tudorani may be able to plead a plausible claim against the Union, I grant him leave to amend.

The Union also moves to dismiss the FAC because Tudorani has not served the Union with a summons or the FAC. ECF No. 23 at 10-11. Tudorani attempted to serve a summons on IAM by sending it via certified mail. ECF No. 7. That service attempt is defective for several reasons. First, a party cannot serve a summons. Fed. R. Civ. P. 4(c)(2). Second, service by mail (even certified mail) is not permitted. Fed. R. Civ. P. 4(h)(1); 4(e). Finally, the Union was added as a new defendant in the FAC, replacing IAM. Tudorani apparently has made no effort to serve

the Union. Thus, dismissal is proper under Federal Rule of Civil Procedure 12(b)(5). This deficiency is curable and, given that Tudorani is representing himself and I am granting him leave to amend, I will afford him a chance to cure it.

**B. Because the FAC does not allege a claim against the Union, it cannot allege a hybrid claim against American Airlines.**

Tudorani claims that American Airlines "communicated directly with the Union regarding [his] termination and the disposition of the grievance," and therefore it "is liable under the RLA due to its participation in and reliance upon the Union's breach." ECF No. 17 at 2-3. Tudorani attempts to plead what is deemed a hybrid suit in that it combines a claim against the union for breach of its duty of fair representation and a claim against the employer for wrongful termination under the collective bargaining agreement. *DelCostello v. Intl Bhd. of Teamsters*, 462 U.S. 151, 164-66 (1983).

To maintain a hybrid claim, Tudorani must assert viable claims against both American Airlines and the Union. *Peters v. Burlington N. R. Co.*, 931 F.2d 534, 537 (9th Cir. 1990), *as amended on denial of reh'g* (Apr. 23, 1991) ("The district court correctly concluded that its jurisdiction over the contractual claim against [the employer defendant] was contingent upon a showing by [the plaintiff] that he had a triable claim against the union." (citing *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551-52 (9th Cir. 1987)); *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005) ("To prevail on a hybrid § 301/duty of fair representation claim, [the plaintiff] must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation."). As I held above, Tudorani has not alleged a viable claim against the Union. Thus, he cannot maintain his hybrid suit against American Airlines. In addition, the

FAC makes only conclusory allegations and insinuations about collusion between American Airlines and the Union. Those are insufficient to assert a plausible claim. *Twombly*, 550 U.S. at 556.

American Airlines also moves to dismiss the lawsuit as untimely because Tudorani filed his FAC more than six months after the Union decided not to pursue arbitration. ECF No. 25 at 4-5. "The Ninth Circuit has adopted a six-month time bar for 'hybrid' actions under the RLA." *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 633 (9th Cir. 1990). American Airlines concedes Tudorani filed his original complaint within the six-month period, but it argues that complaint was defective because it relied on the wrong statute: the National Labor Relations Act (NLRA) instead of the RLA. ECF No. 25 at 4. Thus, according to American Airlines, this court lacked jurisdiction over that complaint, so the six-month timeline was not tolled.[2] And because Tudorani's FAC was filed after the six-month window expired, his suit is time-barred.

Tudorani responds that his FAC relates back to his timely filed original complaint and, even if it does not, he is entitled to equitable tolling of the limitation period. ECF No. 29 at 3-4. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Here, Tudorani amended his claim against American Airlines to correct the statutory basis for it (i.e., the RLA instead of the NLRA). The amended claim arises from the same conduct

[2] American Airlines relies on various habeas corpus cases, which I find neither applicable nor persuasive. ECF No. 25 at 4-5.

described in the original complaint. *Compare* ECF No. 1 at 2 *with* ECF No. 17 at 2. Thus, the FAC relates back to the original complaint and is timely.[3]

**C. I grant Tudorani leave to file a second amended complaint, but not the one he proposes.**

Because Tudorani is pro se, and because he may be able to plausibly assert claims against the Union and American Airlines, I will grant him leave to amend. Tudorani has a pending motion seeking leave to file a second amended complaint (SAC). ECF No. 37. That proposed SAC includes new factual allegations regarding American Airlines' investigation and the Union's participation. ECF No. 37-1 at 2-3. It asserts one claim against the Union for breach of its duty of fair representation and two claims against American Airlines: breach of the CBA for wrongful termination and the hybrid claim under the RLA. ECF 37-1 at 3. However, the proposed SAC still does not plausibly allege those claims.

The allegations against the Union are made "on information and belief" and are unsupported, conclusory statements that the Union did not conduct a "meaningful independent review" or address his "specific exculpatory considerations." *Id.* Tudorani alleges the Union's May 29, 2025 notice letter "did not identify what evidence was reviewed" and "what investigative steps the Union itself took" before deciding not to proceed to arbitration. *Id.* at 2. Even if true, an inadequate notice does not constitute breach of a duty of fair representation. Indeed, Tudorani admits that a Union representative sat in on Tudorani's pre-termination

---

[3] American Airlines also argues that Tudorani is judicially estopped from claiming it had no grounds to terminate him, based on the allegations in and exhibits attached to Tudorani's original complaint. ECF No. 35 at 4. Yet American Airlines also argues in a different paper that "an amended pleading supersedes the original, the latter being treated thereafter as non-existent." ECF No. 38 at 5 (simplified). Thus, by American Airlines' own argument, the original complaint is "non-existent" so American Airlines cannot invoke judicial estoppel based on it.

interview with American Airlines and that the Union processed his grievance through Step 3. *Id.* This is not the "egregious disregard" for Tudorani's rights that is necessary to allege a breach of the duty of fair representation. *Tenorio*, 680 F.2d at 601 (9th Cir. 1982) ("Although we afford unions a reasonable range of discretion in deciding how best to handle grievances, union conduct that shows an egregious disregard for the rights of union members constitutes a breach of the duty of fair representation."). Rather, this demonstrates that the Union took Tudorani's situation seriously enough to support him pre-termination and to carry his grievance through three levels of process. *Cf. Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 881 (9th Cir. 2007) (holding that a union's failure to timely file a grievance it had agreed to "is properly characterized as a failure to perform a ministerial act [and] an arbitrary action that substantially injured [the plaintiff], and thus a breach of its duty of fair representation") (simplified). Therefore, the Union's handling of Tudorani's grievance was an exercise of its judgment, not a ministerial act. *Kirbyson v. Tesoro Ref. & Mktg. Co.*, 795 F. Supp. 2d 930, 941 (N.D. Cal. 2011) ("Under *Wellman*, [a union's] handling of the grievance was an act of judgment so long as the union satisfied its duty to 'conduct some minimal investigation' and did not treat Plaintiff's claim 'so lightly as to suggest an egregious disregard' of Plaintiff's rights." (quoting *Wellman*, 146 F.3d at 671)). The proposed SAC does not allege the Union acted discriminatorily or in bad faith. *See Burkevich*, 894 F.2d at 349. Thus, it fails to plausibly allege that the Union breached its duty of fair representation. And because the proposed SAC does not allege a claim against the Union, it also does not allege a hybrid claim against American Airlines. *See Bautista*, 828 F.2d at 551-52.

The SAC also asserts a claim that American Airlines breached the CBA by terminating him "without just cause and through a procedurally deficient investigation that failed to address material exculpatory evidence . . . ." ECF No. 37-1 at 3. But the SAC does not say how those

actions breached the CBA. It does not refer to any procedures American Airlines was contractually required to undertake before terminating him. It does not cite to any specific provision that was breached and how. Thus, the proposed SAC does not plausibly allege this claim against American Airlines.

Tudorani may be able to assert plausible claims, so I grant him leave to amend. If he files a Second Amended Complaint, he should be wary of the Union's contention that it is not a proper defendant. ECF No. 23 at 4, 5 (noting that the "IAM District 142, (not the [Union]) communicated" to Tudorani the decision not to proceed with an arbitration); ECF No. 34 at 9 n.5 (asserting the Union "did not make the decision at issue"). I make no finding at this point who would be a proper defendant for this claim.

Finally, if Tudorani files a SAC, he must serve it and a summons on the Union (if it is named as a defendant) in compliance with Rule 4(h) in order to establish the court's jurisdiction over it.

**D. Conclusion**

I THEREFORE ORDER that the defendants' motions to dismiss **(ECF Nos. 23, 25) are granted**. Tudorani's first amended complaint (ECF No. 17) is dismissed without prejudice.

I FURTHER ORDER that Tudorani may file a second amended complaint curing the defects outlined in this order if sufficient facts exist to do so. Tudorani must file that second amended complaint by October 22, 2026 or this case will be closed. He also must properly serve the second amended complaint and a summons upon the Union (if it remains a defendant) and any new defendant added in the second amended complaint.

DATED this 25th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE